IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THERESA S. MUBANG,

        Petitioner,

v.                                         CIVIL ACTION NO. 2:18cv20
                                              (Judge Bailey)

JOE COAKLEY, Complex;
U.S. DISTRICT COURT, Maryland,,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 21, 2018, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner paid the $5.00 filing fee on March 1, 2018. This matter is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

In a superseding indictment dated September 27, 2004, a grand jury in the District of Maryland charged the petitioner with one count of holding a juvenile to a term of involuntary servitude and one count of harboring a juvenile alien for financial gain. On November 7, 2004, a jury convicted the petitioner on both counts of the indictment.

---

[1]The facts related to the petitioner's indictment, conviction, sentence and first § 2255 were taken from the Memorandum Opinion issued by the United States District Court for the District of Maryland denying her Motion to Vacate. See 8:06cv1838-DKC [ECF No.1] available on PACER.

1

Sometime between the verdict and sentencing, the petitioner fled the country and returned to her native Cameroon. The trial Court issued a bench warrant for her arrest. On February 28, 2005, the petitioner was sentenced *in absentia* to concurrent terms of 210 months of imprisonment on Count One and 120 months of imprisonment on Count Two, along with three years of supervised release. Judgment was entered on March 1, 2005, and her counsel noted an appeal to the United States Court of Appeals for the Fourth Circuit two days later.

On April 6, 2005, the petitioner's counsel moved to stay the appeal because the petitioner was a fugitive. The Government responded in opposition and moved to dismiss the appeal on April 15, 2005. On April 20, 2005, the Fourth Circuit denied the motion to stay and dismissed the appeal, but granted the petitioner leave to move to file an appeal, with good cause shown, if the petitioner surrendered herself to federal custody within 30 days. The petitioner did not do so. Instead, she was apprehended in Cameroon on May 26, 2005, and returned to the United States two days later. Although counsel moved to reinstate the appeal on October 7, 2005, the court denied that motion on November 21, 2005.

Counsel for the petitioner filed a Section 2255 petition on her behalf on July 19, 2006. That motion asserted five grounds for relief: (1) her conviction on count one was barred by the statute of limitations; (2) the Government did not timely disclose exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963); (3) she was deprived of her jury trial right because the jury delivered a verdict in "less than two hours"; (4) certain testimony from three other women who lived with the petitioner was improperly admitted; and (5) the evidence was insufficient to establish coercion, a required element under count

one. On August 9, 2011, the District Court entered a Memorandum Opinion denying the petitioner's motion to vacate.

On August 12, 2013, the petitioner filed a "Motion to Vacate Sentence and Order Immediate Release from Custody as Authorized, Pursuant to 18 U.S.C. § 3742(a) Sentence was Imposed in Violation of Law", seeking to vacate her sentence. See 8:03-cr—539-DKC ECF No.133. The District of Maryland construed the motion as being filed pursuant to 28 U.S.C. § 2255. In the motion, the petitioner claimed that her final sentence was imposed in violation of the Ex Post Clause, because she was sentenced under the 2000 version of the US Sentencing Guidelines ("USSG"). She asserted that because the 2000 guidelines provided for more severe punishment, she should have been sentenced under the 1998 USSG which was in effect at the time of her offenses. She further alleged that her sentence violated the dictates of Apprendi v. New Jersey and Alleyne v. United States. Finally she claimed that the court abused its discretion in sentencing her beyond the statutory minimum term and, in effect, engaged in an "unwarranted sentencing disparity."On August 16, 2013, the District of Maryland entered a Memorandum Opinion dismissing the Motion without prejudice. In so doing, the Court found it lacked jurisdiction because it was a second or successive motion filed under 28 U.S.C. § 2255 which has not been certified in advance by a panel of the appropriate circuit court of appeals. Id. ECF No. 135. On October 9, 2013, the Fourth Circuit Court of Appeal denied the petitioner's motion under 28 U.S.C. § 2244 to filed a second o successive application for relief under 28 U.S.C. § 2255.

On June 20, 2016, the Petitioner filed a Motion for Sentence Reduction pursuant to 28 U.S.C. § 924, citing Johnson v. United States, 135 S.Ct. 2551 (2015) as support. Id.

ECF No. 141.  The District of Maryland construed the same as a Motion to Vacate pursuant to 28 U.S.C. § 2255. On August 1, 2016, the motion was dismissed without prejudice as a second or successive application for relief. ECF No. 144.   On September 12, 2016, the Fourth Circuit Court of Appeals denied the petitioner's notion for authorization to file a second or successive § 2255. Id. ECF No. 146.[2]

## I. ISSUE PRESENTED

In her pending §2241 motion, the petitioner indicates that she is challenging the validity of her sentence, but is clear that she is attacking her conviction.  Specifically, the petitioner alleges:

(1) the introduction of evidence under Rule 404(b) about other young women was prejudicial and improperly inflamed the jury;

(2) The inability to call a witness was prejudicial;

(3) The court abused its discretion when it applied an incorrect legal standard in excluding evidence of third party culpability;

(4) The government's "other young women" evidence was not reliable and its probative value was outweighed by its prejudicial effect;

(5) The government's evidence of physical/legal coercion was uncorroborated, inconsistent and completely unbelievable; and

(6) the jury's failure to adequately deliberate deprived her of her Sixth Amendment right to a trial by jury.

For relief, the petitioner is asking this court to "look into her argument," and she is seeking "some understanding of the diverse frailties of human kind, compassion and a

---

[2]The petitioner's criminal case is available on PACER.

4

generosity of spirit." ECF No. 1 at 10.

## IV. ANALYSIS

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed, while a Section 2255 motion challenges the validity of a conviction or sentence. See In re Jones, 226 F.3d 328. 332 (4th Cir. 2000). To challenge the validity of a conviction or sentence, the petitioner must bring the motion in the court which imposed the sentence. 28 U.S.C.§ 2255 (a); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)(en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined."United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008).

Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added)..

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, Vial, 115 F.3d at 1194. Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. Hood v. United States, 13 F.App'x 72 (4th Cir. 2001)(unpublished decision); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Although the petitioner has not raised the savings clause, it is clear that she is not entitled to its application. In this case, even if the petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§ 1584 & 1324(a)(1)(A)(iii), remain a criminal offense, and therefore, the petitioner cannot satisfy the second element of Jones.[3] Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and she has improperly filed a §2241 petition.

---

[3] Moreover, several of her claims were raised in her first § 2255 motion and were denied on the merits. Accordingly, any attempt to raise those issues would be barred by *res judicata*.

## V. RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that this matter be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Ci. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: March 5, 2018.

*/s James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE